**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BETSY BETANCOURT** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.** |
| ) | |
| **vs.** ) | |
| ) | |
| **FOCUS RECEIVABLES** ) | |
| **MANAGEMENT, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S.  § 201-1, *et seq.* (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C.  § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. <u>PARTIES</u>

4.     Plaintiff Betsy Betancourt is an adult individual residing at 4211 N. 3rd Street, Philadelphia, PA 19140.

5.     Defendant Focus Receivables Management, LLC is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 1130 Northchase Parkway, Suite 150, Marietta, GA 30067. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV. <u>FACTUAL ALLEGATIONS</u>

6.     At all times pertinent hereto, Defendant was hired by Wachovia Bank to collect a debt relating to consumer purchases that were allegedly originally owed to Wachovia Bank (hereafter the "debt").

7.     The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8.     On or about May 5, 2009, at 4:10 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt.

9.     Notwithstanding the above, on or about May 5, 2009, at 4:15 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

10.     Notwithstanding the above, on or about May 15, 2009, at 6:30 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

11.     Notwithstanding the above, on or about May 15, 2009, at 6:31 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

12.     Notwithstanding the above, on or about May 25, 2009, at 10:42 a.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

13.     Notwithstanding the above, on or about May 25, 2009, at 10:43 a.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

14.     Notwithstanding the above, on or about May 25, 2009, at 3:27 p.m., for the third time that day, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

15.     Notwithstanding the above, on or about May 26, 2009, at 11:28 a.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

16.     Notwithstanding the above, on or about May 26, 2009, at 11:35 a.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

17.     Notwithstanding the above, on or about May 26, 2009, at 12:05 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

18.     Notwithstanding the above, on or about May 26, 2009, two successive times with the time of 1:05 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt,

with the intent to annoy, abuse, and harass such persons contacted.

19.     Notwithstanding the above, on or about May 26, 2009, at 4:07 p.m., for the sixth time that day, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

20.     Notwithstanding the above, on or about June 1, 2009, at 3:03 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

21.     Notwithstanding the above, on or about June 4, 2009, at 4:16 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

22.     Notwithstanding the above, on or about June 5, 2009, at 8:09 a.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

23.     Notwithstanding the above, on or about June 18, 2009, at 1:49 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

24.     Notwithstanding the above, on or about June 23, 2009, at 3:06 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

25.     Notwithstanding the above, on or about June 23, 2009, at 3:07 p.m., Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

26.     Notwithstanding the above, on or about May 26, 2009, two successive times with the time of 3:08 p.m., for the fourth time within a three (3) minute time span, Defendant contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

27.     The Defendant acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiff including, but not limited to, repeatedly and continuously contacting the above person with the intent to annoy, abuse, and harass such person contacted.

28.     Defendant knew or should have known that their actions violated the FDCPA, FCEUA and the UTPCPL.  Additionally, Defendant could have taken the steps necessary to bring their actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review their actions to insure compliance with said laws.

29.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

30.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. <u>FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA</u>

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

34.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

35.     The above contacts made between the Plaintiff and Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

36.     Defendant violated the FDCPA.   Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(10) and 1692f, as evidenced by the following conduct:

       (a)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

       (b)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

       (c)   Otherwise using false, deceptive or misleading and unfair or unconscionable   means to collect or attempt to collect a debt.

37.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

38.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b)     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d)     That the Court grant such other and further relief as may be just and proper.

**VI.  SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL**

39.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40.     Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

41.     Plaintiff is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

42.     The above contacts made between the Plaintiff and Defendant were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

43.     Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA.  Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(c)   Otherwise using false, deceptive or misleading and unfair or unconscionable   means to collect or attempt to collect a debt.

44.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

45.    As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully pray that relief be granted as follows:

(a)  That judgment be entered against Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b)  That judgment be entered against Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c)  That judgment be entered against Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d)  That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g)  That the Court grant such other and further relief as may be just and proper.

## VII.    THIRD CLAIM FOR INVASION OF PRIVACY

46.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47.    Defendant continuously and repeatedly contacting Plaintiff at Plaintiff's place of residence constitutes an invasion of privacy.

48.    As a result of Defendant's above-mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor.

## VIII.   JURY TRIAL DEMAND

49.    Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
      MARK D. MAILMAN, ESQUIRE
      MICHAEL J. SZYMBORSKI, ESQUIRE
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

      Attorneys for Plaintiff

Dated: July 31, 2009